UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELLE A. HEATH,
Plaintiff(s),

v.

CASE NO.: 3:25-CV-719-WWB-LLL

THE PROCTER & GAMBLE COMPANY,
Defendant(s).

## COMPLAINT FOR DAMAGES

### I. INTRODUCTION

This case arises from Defendant's deceptive marketing and labeling of Burt's Bees Extra White Mountain Mint Toothpaste, which failed to disclose the presence of Cocamidopropyl Betaine (CAPB), a known allergen. As a result of this omission, Plaintiff Michelle A. Heath suffered severe allergic reactions. This Complaint seeks damages and relief under state and federal law to redress consumer deception, product misbranding, and breach of implied warranty.

### II. JURISDICTION & VENUE

1.  28 U.S.C. § 1332(a) – Diversity of Citizenship; Amount in Controversy > $75,000

2.  28 U.S.C. § 1331 – Federal Question Jurisdiction (Magnuson-Moss Warranty Act)

3.  Venue: 28 U.S.C. § 1391(b) – Events occurred in Florida; P&G conducts business here.

### III. PARTIES

4.  Plaintiff, Michelle A. Heath, is a resident of Clay County, Florida.

5. Defendant, The Procter & Gamble Company ("P&G"), is an Ohio corporation that manufactures, packages, and labels Burt's Bees Extra White Mountain Mint Toothpaste.

## IV. FACTUAL ALLEGATIONS

7. This action arises from Defendant's deceptive labeling and omission of allergens in Burt's Bees Extra White Mountain Mint Toothpaste (SKU: 9253900014).

8. Plaintiff relied on ingredient disclosures and packaging, which omitted Cocamidopropyl Betaine ("CAPB"), entirely.

9. Plaintiff has a medically confirmed allergy to Dimethylaminopropylamine ("DMAPA"), a compound related to CAPB[1].

10. Plaintiff was diagnosed with a DMAPA allergy on September 13, 2024, via comprehensive patch testing.

    a) Plaintiff underwent a comprehensive patch test from September 10–13, 2024, which screened over 100–120 substances. Only DMAPA triggered a positive reaction.

    b) This allergy was formally diagnosed by Dr. Rachel Watkins, a board-certified allergist at Borland Groover, with testing administered by Alisha Morris, APRN[2].

11. Plaintiff purchased and used the toothpaste based on label representations omitting any warning or indication of the presence of Cocamidopropyl Betaine ("CAPB"), a known allergenic surfactant.

---

[1] See Exhibit V – PubMed study linking DMAPA to CAPB sensitivity
[2] See Exhibit T – DMAPA Patch Test diagnosis dated September 13, 2024

2

12. Following the use of the mislabeled toothpaste, Plaintiff experienced severe and prolonged allergic reactions consistent with her previously diagnosed DMAPA allergy, including recurring swelling, blistering, and skin hardening around Plaintiff's mouth.

13. P&G submitted conflicting ingredient information to the FDA via DailyMed[3] while continuing to market the product without necessary warnings to consumers[4].

14. The FDA filings[5], while not forming the legal basis of this state claim, serve as material evidence demonstrating Defendant's conflicting ingredient representations to regulators versus the public[6].

   a) FDA has confirmed that it does not require full ingredient disclosures for cosmetic products[7] like Burt's Bees Purely White Toothpaste, which undermines the reliability of public regulatory databases and exposes allergic consumers to undisclosed risks.

   b) This admission supports Plaintiff's assertion that the ingredient inconsistencies observed across product labels and regulatory records are not only real, but structurally enabled by gaps in FDA oversight. This lack of transparency exposes consumers, especially those with known chemical allergies, to serious health risks.

15. Plaintiff attempted to isolate the cause of her reaction by removing other variables such as mouthwash, toothpaste, and changing toothbrush heads.

---

[3] See Exhibit X – FDA chromatography study identifying DMAPA as a measurable impurity in CAPB
[4] See Exhibits O, P, Q, R, and S – FDA labels for Extra White, Mountain Mint, and Zen Peppermint Toothpaste, all under SKU 9253900014.
[5] See Exhibit P (Jan. 2025) and Exhibit S (April 2025) FDA label comparison.
[6] See Exhibit O – FDA Master SKU documentation showing multiple formula variants under a single product ID.
[7] See Exhibit Z (FDA correspondence confirming that cosmetic products such as Burt's Bees Purely White Toothpaste are not required to disclose full formulations, thus limiting the reliability of regulatory databases like DailyMed).

16. In February 2025, Plaintiff began using Crest's Hydrogen Peroxide toothpaste for additional whitening benefits, as it had previously been one of her favorite Crest products alongside Crest's Radiant Mint.

17. Plaintiff confirmed that the specific Crest variant used did not contain CAPB.

18. Plaintiff promptly notified P&G of this clarification.

19. Only after conducting an independent investigation did Plaintiff discover discrepancies in the regulatory filings versus public labeling.

20. Further compounding the deception, the Burt's Bees Extra White Mountain Mint product replaced the former "Zen Peppermint" variant without disclosing the change to consumers, despite maintaining the same SKU and marketing it under a new name.

21. Symptoms persisted until Plaintiff ceased using Burt's Bees toothpaste.

22. Upon discontinuation, Plaintiff's symptoms began to resolve, and recovery was noticeable. Such symptoms have not recurred, even after reintroducing other previously suspected products.

23. P&G attempted to retrieve Plaintiff's product for internal testing and destruction[8], which she declined to preserve evidence.

   a) Such actions bypass judicial standards of scientific reliability, including those established under the Daubert framework and Fla. Stat. § 90.702; Plaintiff refused this request[9].

---

[8] See Exhibit K – April 22, 2025 letter from Taylor (P&G Legal) requesting product for internal testing; see also Exhibit L – May 2, 2025 response letter from Plaintiff declining request and preserving evidence.

[9] See Fla. Stat. § 90.702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), requiring scientific evidence to meet standards of reliability and peer review. Plaintiff cited these in rejecting Defendant's informal testing request

4

b) On June 13, 2025, P&G Assistant General Counsel Sarah Topy falsely claimed that Plaintiff emailed P&G on April 11, 2025, seeking damages for Crest toothpaste[10].

c) Plaintiff, via email, notified P&G on April 14, 2025, that Crest was not the product in question[11].

d) Plaintiff also advised P&G that no further contact was necessary[12], as her claims were directed at Burt's Bees and Clorox.

24. Defendant's actions and conduct constitutes misbranding under Fla. Stat. § 500.04 and § 500.11 of the Florida Food, Drug, and Cosmetic Act[13]. The toothpaste at issue qualifies as a cosmetic product under Florida law, and the false or misleading labeling, including the omission of CAPB, renders it misbranded.

25. Plaintiff has submitted complaints to both the FDA and the Florida Attorney General.

26. Plaintiff purchased the toothpaste in-store, never agreed to Terms of Use or arbitration clauses, and no such agreement was referenced on the packaging

## V. LEGAL CLAIMS

### Count I – Violation of FDUTPA (Fla. Stat. § 501.201 et seq.)

27. Defendant's conduct constitutes unfair or deceptive acts or practices in violation of FDUTPA, including false advertising, misbranding, and misleading omissions on the packaging.

---

[10] See Exhibit J – Email correspondence with Sarah Topy showing inaccurate characterization of Plaintiff's April 11, 2025 communication.

[11] See Exhibit H – Plaintiff's April 14, 2025 email to PG Corporate clarifying that Crest was not the product at issue.

[12] See Exhibit I – Plaintiff's follow-up in same correspondence stating her claims were against Burt's Bees and Clorox and further contact was not required.

[13] See Exhibit W – DMAPA chemical usage documentation showing it remains present in CAPB.

5

**Count II – Negligence / Failure to Warn**

28. Defendant had a duty to disclose known allergens and ingredients. Its failure to do so caused Plaintiff's injuries.

**Count III – Breach of Implied Warranty (Magnuson-Moss Warranty Act, 15 U.S.C. § 2301)**

29. Plaintiff relied on the representation that the product was safe and properly labeled. The presence of an undisclosed allergen breached that warranty.

**Count IV – Misbranding (21 U.S.C. § 331, § 352)**

30. The toothpaste was misbranded under federal law by omitting a known ingredient listed in FDA filings but absent from the product label[14].

**Count V – Fraudulent Misrepresentation**

31. P&G's legal team made knowingly false statements to Plaintiff regarding the product's ingredients and timeline of usage, intending to mislead and minimize liability.

**Count VI – Declaratory Relief and Permanent Injunction**

32. Plaintiff seeks a declaration that Defendant's conduct violated consumer protection and labeling laws, and an injunction mandating proper ingredient disclosures on all future packaging.

## VI. PRESERVATION OF RIGHT TO SUPPLEMENT

Plaintiff respectfully reserves the right to submit additional evidence, exhibits, or amended pleadings as discovery progresses or as new information becomes available.

---

[14] See Exhibit X – FDA chromatography analysis confirming DMAPA remains present in CAPB formulations.

## VII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Award compensatory and punitive damages in an amount to be determined at trial, but

   not less than $750,000;

b) Award attorneys' fees and court costs;

c) Issue injunctive relief mandating truthful and accurate labeling;

d) Grant declaratory relief;

e) Award such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Michelle A. Heath
2562 Ridgecrest Avenue
Orange Park, FL 32065
(904)554-9178
Michelle_Heath@outlook.com
Pro Se Plaintiff

7